Rockingham,
Dec. 5, 1911.

### AMAZEEN & a. *v.* NEWCASTLE & a.

As between the parties to a deed and those claiming under them, the consideration cannot be impeached for the purpose of defeating the conveyance.

When there is a possibility that an owner of realty may become a public charge, the selectmen, as prudential officers, have authority to accept a conveyance of his property, in consideration of future support to be furnished by the town.

A vote of a town approving the action of selectmen in accepting a deed of real estate in consideration of future support of the grantor is equivalent to an original authority.

Where an owner of real estate conveys the same to a town in consideration of future support, makes an unconditional delivery of the deed, receives payment of the consideration, and permits the grantee to make extensive repairs upon the premises, the heirs of the grantor are estopped to deny the validity of the conveyance or the authority of the town officers to accept the deed and make payment.

BILL IN EQUITY, by the heirs of Mary Elizabeth Martin, praying that a deed of real estate from Mary to the town of Newcastle be set aside or declared to be a mortgage, and for an accounting. Trial at the October term, 1910, of the superior court before *Chamberlin*, J., who ruled that upon facts found by him the bill should be dismissed. To this ruling the plaintiffs excepted.

Mary Elizabeth Martin lived in the town of Newcastle all her life and died January 4, 1908, in her eighty-fifth year. June 11, 1907, for the expressed consideration of "one dollar and other valuable considerations," she executed and delivered to Robert H. Harding, first selectman of the town, the deed in question. The deed contained the following: "The said grantor reserves the right to use the aforesaid premises as her home for and during the term

of her natural life. . . . This deed is given upon the express condition that the said town of Newcastle will pay over to the said grantor a sum not exceeding two dollars per week to be expended for necessaries and to provide suitable medical attendance, clothing, and fuel for and during the term of her natural life, in such manner as in her mode of life she has heretofore been accustomed."

Mrs. Martin had lived on the premises for many years. After the death of her husband, her son, and a relative who had lived with her, she lived alone for five or six years before her death. She was lame, but in fairly good health. Aside from this real estate and household furniture, she had no property except a deposit of $120 in a savings bank, which she reserved for the expenses of her last sickness and burial. The conveyance of the premises and furniture to the town in consideration of her support was proposed by her.

Harding accepted the deed for and in behalf of the town, but without express authority from the town or his associates, and it was deposited with the town papers and duly recorded. The other selectmen, being informed of Harding's action, approved and consented. After receiving the deed the town immediately assumed the support of Mrs. Martin, paid two dollars a week as long as she lived, and cared for her as was necessary.

At the time of the conveyance the buildings were out of repair. The town expended $263.07 in repairs and $122.78 for the support of Mrs. Martin. The annual report of the selectmen for the year ending February 15, 1908, showing various disbursements for Mrs. Martin made in consideration of the deed, was accepted by vote of the town at the annual meeting in March, 1908. At the same meeting, under an appropriate article in the warrant, the town voted to authorize the selectmen to sell the Mary E. Martin house "now owned by the town" for not less than $1,000, and they subsequently sold it for $1,010.

The allegations of want of capacity in Mrs. Martin to make the deed, of fraud in procuring it, and of mistake in its form were found not to be sustained.

*Page, Bartlett & Mitchell* and *Ernest L. Guptill*, for the plaintiffs.

*Kelley, Harding & Hatch*, for the defendants.

PARSONS, C. J. The allegations of want of capacity in Mrs. Martin to make the conveyance, of fraud in procuring its execution, and of mistake in its form having been found against the plaintiffs, the only grounds upon which they now attack the validity of the deed are that the selectmen were not authorized by vote of the town to make the contract for support found to be its consideration, or to accept the conveyance. This means that the deed was without consideration and was never delivered as matter of law.

The first objection is not open to the plaintiffs claiming as heirs of the grantor. "A deed duly executed is conclusive evidence of the consideration against the maker; not indeed as to the amount, but as to the fact of the consideration paid; so that, as between the parties and those claiming under them, the consideration cannot be impeached for the purpose of defeating the conveyance." *Prescott* v. *Hayes*, 43 N. H. 593, 596, 597; *Farrington* v. *Barr*, 36 N. H. 86; *Graves* v. *Graves*, 29 N. H. 129, 144; *Runnells* v. *Bosquet*, 60 N. H. 38, 39. Moreover, the contract for support found to have been the consideration of the conveyance has been fully performed by the grantee, the town. Mrs. Martin could have made the conveyance without any consideration, and the gift would have been valid as against these plaintiffs. As she made the conveyance for a consideration which she deemed adequate and which was paid her in full, it is immaterial if such consideration has proved to be less onerous to the grantee than it might perhaps have been anticipated it would be.

The deed was delivered to and accepted by the selectmen as officers of the town, placed among the town papers, and has ever since remained in the possession of the town. The town entered upon the execution of the contract of support, took possession of the buildings for the purpose of repairing them, and did repair them. Although there was no vote of the town ratifying the action of its officers until after the death of Mrs. Martin, it could be found that the town before her death were estopped to deny their acceptance of the deed; for corporations, like natural persons, may be estopped by conduct. *Gilbert* v. *Manchester*, 55 N. H. 298, 302, 303. Whether the selectmen had authority to bind the town by the agreement to support, they had power to accept the conveyance to the town if of benefit to the town. *O'Donnell* v. *Smith*, 142 Mass. 505, 510. The occasion of the transaction was the possibility that Mrs. Martin's small property might not be sufficient to support her through life. If it did not because of insufficiency or waste,

the selectmen would have been obliged to support her at the expense of the town. P. S., *c.* 83, *s.* 1; *Ib., c.* 84, *s.* 1. If at her decease any property remained, the town could have recovered its expenditure therefrom. Laws 1903, *c.* 42. The selectmen, as the prudential officers ·of the town, would have been authorized to receive payment. They were equally authorized to take payment in advance when offered. Mrs. Martin's application to the town to take her property and furnish her with support was practically an application for aid as a poor person, in making which it was her duty to surrender what property she had to the selectmen. *Moultonborough* v. *Tuftonborough,* 43 N. H. 316, 319. In this view, the whole matter was within the jurisdiction of the selectmen as overseers of the poor.

But the case need not stand on either of the foregoing propositions, because the town by vote before the commencement of these proceedings recognized and approved the action of its officers. Subsequent ratification is equivalent to an original authority. *Manchester Street Ry.* v. *Williams,* 71 N. H. 312, 320; *Davis* v. *School District,* 44 N. H. 398, 407. It is true that the votes of the town from which ratification could be found were not passed until after the death of Mrs. Martin. But this is not the case of a deed executed and given into the keeping of a third party for delivery to the grantee at some future time, with a right of recall by the grantor. In such case it has been held that if the grantor continues until his death to have the right to recall the deed from the depositary, there is no delivery. *Baker* v. *Haskell,* 47 N. H. 479; *Cook* v. *Brown,* 34 N. H. 460. But the delivery was absolute to the selectmen as agents of the town; and as it could be found the deed was beneficial to the town, the assent of the town is presumed. *Johnson* v. *Farley,* 45 N. H. 505; *Frazier* v. *Perkins,* 62 N. H. 69. The deed was delivered as the present deed of the grantor. *Stockwell* v. *Williams,* 68 N. H. 75. No further or other delivery of the deed was intended or could be made. The grantor accepted payment of the consideration from the grantee and permitted expenditure in repair of the premises by the grantee upon the faith of the deed. She was estopped to deny the validity of the delivery or the authority of the town officers to accept the deed and make payment. The grantor had no right to recall the deed, and there was a good delivery. *Baker* v. *Haskell,* 47 N. H. 479, 480.

*Exception overruled.*

All concurred.