Grafton,
Jan. 4, 1916.

## WARREN *v.* GEORGE A. WEAVER, *Adm'r.*

Recovery by a town under Laws 1903, *c.* 42, *s.* 1 against the estate of a decedent to whom the town has rendered assistance is limited to sums expended by the town under P. S., *c.* 83, *s.* 1, and recovery cannot be had for sums paid in performance of a contract to furnish support.

A promise made without consideration and disclosing only an unexecuted intention to make a gift is unenforceable.

PETITION, under P. S., *c.* 191, *s.* 27 for judgment upon a claim under *c.* 42, Laws 1903 for assistance furnished the defendant's intestate, William W. Garland, as a town pauper. Transferred from the November term, 1914, of the superior court by *Sawyer,* J., upon certain findings of fact, without a ruling.

Assistance was furnished Garland and his wife from Jan. 9, 1899, to Jan. 24, 1911, for which the town expended $1,594.84. Garland's wife died Oct. 5, 1901. He died August 23, 1912, leaving no widow or minor child. The town expended in the six years prior to Garland's death $731.40 and in the six years prior to Jan. 24, 1911, when the town ceased to aid Garland, $834.50. Jan. 17, 1899, Garland and his wife conveyed their homestead to the town in consideration of the agreement of a majority of the selectmen in behalf of the town to furnish such assistance as the grantors might require during their lives. The assistance for which the town now seeks to recover was furnished under this arrangement. Jan. 24, 1911, Garland became the owner of sufficient means to satisfy his needs and the town furnished no further aid. After becoming possessed of this property Garland told several persons that he should, and one of the selectmen that he would, repay the town what it had expended on his account, referring to the assistance received by him since his wife's death. The claim was not exhibited to the defendant administrator within one year after his appointment because of certain facts upon which, if sufficient to authorize the finding, the court found that justice and equity require that the town be permitted to prosecute this claim and that it was not chargeable with culpable neglect in not proceeding within the time limited by law.

*Raymond U. Smith* (by brief and orally), for the plaintiff.

*Martin & Howe,* and *Charles S. Bailey* (*Mr. Howe* orally), for the defendant.

PARSONS, C. J. "Any town or county furnishing any assistance to any person within six years preceding his death shall be entitled to recover from the estate of such person the sum or sums paid out for such assistance . . . . provided he leaves no widow or minor children living at his decease." Laws 1903, c. 42, s. 1.

This statute is entitled, "An act to reimburse the town or county for aid furnished paupers." Recovery thereunder is necessarily limited to sums expended by the plaintiff under its obligation to relieve and maintain a person "poor and unable to maintain himself." P. S., c. 83, s. 1.

Whether the town has expended any sums for the support of the deceased within six years preceding his death and whether the sums so expended, if any, were spent in performance of the town's statutory obligation to support paupers within its limits are questions of fact. In the instant case, it is found that the assistance furnished by the town was in performance of an agreement made by two of the selectmen to furnish support as the consideration of a conveyance of land to the town. It is immaterial whether the selectmen had original authority to make the agreement or whether ratification of the contract by the town is sufficiently shown. The action is not to enforce the contract but by the town under the statute. The fact upon which the statutory right to recover depends is found against the plaintiff and the action fails.

It is found that the intestate after becoming possessed of property told several persons that he should, and one of the selectmen that he would, repay the town what it had expended on his account. The plaintiff claims to recover upon this statement as upon an express promise. But there was no consideration for the promise and the town has taken no action in reliance thereon. The evidence at the most discloses an unexecuted intention to make a gift to the town which cannot serve as the foundation of an action of assumpsit. Although the contract proved unprofitable to the town it has retained the proceeds and executed it on its part. The intestate's heirs could not set such a contract aside if it resulted advantageously for the town, (*Amazeen* v. *Newcastle*, 76 N. H. 250); the town recognizing the contract cannot maintain an action for a return of part of the consideration paid. As Garland was under no legal obligation to return any part of the consideration, his promises to do so made without controversy or claim on the part of the town did not render him liable. If after Garland came into property the town had claimed the contract was *ultra vires*, had offered to restore the land,

and threatened suit to recover the consideration paid, the promise of Garland to pay in avoidance of litigation might have been enforceable but no such situation was ever presented.

Whether the facts authorize a proceeding under *s.* 27, *c.* 191, P. S. is immaterial since the plaintiff on the facts found fails upon the merits.

*Judgment for the defendant.*

All concurred.