[No. 8714.]

### FIRST NATIONAL BANK OF WELLINGTON v. WICH.

1. BANKS—*Liability for Acts of Cashier.* The cashier of a bank has power to transact all the usual and general business of the bank, and the bank is liable for his acts, conduct and representations, while he acts ostensibly on its behalf. (122.)

2. Defendants dealing with plaintiff's cashier executed to plaintiff a promissory note payable at a later date, the cashier, at the same time, delivering to defendant an agreement to return the note, if he should fail to deliver to him, by a certain time, certain shares of corporate stock. The stock was never delivered, the defendant received no consideration for the note, and was never informed that the note was included in the assets of the bank, and had no knowledge of any intended wrong. *Held,* there could be no recovery. (121.)

Judgment for defendant affirmed.

*First National Bank v. Martin,* 27 Colo. App. 524, distinguished.

*Error to Larimer District Court.* Hon. NEIL F. GRAHAM, Judge.

Mr. THOMAS J. LEFTWICH and Mr. L. R. TEMPLE, for plaintiff in error.

Mr. CLAUD C. COFFIN, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

The plaintiff in error, plaintiff below, brought this action to recover from the defendant in error, upon a promissory note, in the sum of $570.00, dated June 9th, 1911, due six months after date, and, by its terms, payable to the plaintiff.

The answer admitted the execution of the instrument but denied that it was executed as a valid instrument, and alleges that it was given without consideration.

It was further alleged that the note was signed by the defendant, and left with the plaintiff, not as plaintiff's property, but to pay for six shares of the capital stock of The North Poudre Irrigation Company, which the plaintiff was to secure for and deliver to the defendant, and with the understanding that in case of failure

to secure and deliver to defendant said capital stock, then the said note was to be returned to defendant. That the plaintiff wholly failed to deliver to the defendant said capital stock, and for such reason said promissory note is not and never was the property of plaintiff.

The answer alleges further, that the original transaction occurred on the 28th day of July, 1908, and that the note sued on, and other intervening notes were simply renewals of the same transaction, each note given for the proposed purchase of the said stock, and to be returned in case the stock was not secured and delivered to defendant.

Verdict and judgment was rendered for defendant. The only apparent alleged error relied on is the denial by the court of plaintiff's motion for a directed verdict. The note sued on was dated June 9th, 1911. The original note was dated July 28th, 1908. On the same day and as a part of the original transaction the cashier of the bank who transacted the business for it, delivered to the defendant the following memoranda:

"First National Bank, Wellington, Colorado.
              Capital $25,000.
P. Anderson,                        F. M. Wright,
        President.                    Vice President.
            Jno. S. Cusack, Cashier.
                    Wellington, Colo., July 28, 1908.
This is to certify that in case I fail to deliver to Gustave Wich six shares of the capital stock of The North Poudre Irrigation Company, that I will return to him his note for $570.00, dated July 28th,-08, to run for 30 days.
                    Jno. S. Cusack, Cashier."

It is plain from this memoranda which fully corroborates the testimony of the defendant, that the original note was not the property of the bank, and not to become so unless or until he should receive the Poudre Irri-

gation stock for which the said note was to be in full payment.

The testimony is clear that there was no other consideration for the original note, or for any renewal note. There were several renewals of this arrangement, and whereby the defendant executed a new note, and he testifies that each time the cashier said he had not yet secured the Poudre stock for defendant, but would do so. That the same understanding was had each time. Each of these notes so renewed was given in the exact amount as the first one, and no interest was ever demanded or paid. There was no attempt to dispute this state of facts.

The only seeming contention of the plaintiff in error is that the cashier of the bank was without authority to do what he plainly did do in the premises. Counsel cite *First Natl. Bank v. Martin,* 27 Colo. App. 524, 150 Pac. 320. This case is not in point. Here whatever the cashier did, was not for his own benefit, but on the contrary the banks claims that he was acting for it, and seeks the benefit of the wrong. In the case cited, Martin acted with knowledge that the cashier was dealing for himself and not for the bank. Here the defendant had no knowledge of the intended wrong. He was plainly deceived by the plaintiff's cashier acting for the bank, and the bank now insists on receiving the benefit of the fraud.

The defendant received no consideration whatsoever for the note in this case. Its execution, possession and use, was obtained by the cashier of plaintiff, by deception and fraud. The note sued on and all renewals of the original note were likewise without consideration and obtained by misrepresentation and fraud. The note was at no time the property of the bank, for the proposed consideration never passed, and the note was not delivered to the bank as its property. There is no testimony to indicate that the defendant had knowledge that the

note or any of its renewals were ever included as a part of the assets of the bank.

The cashier of a bank has greater inherent powers than any other officer of the corporation, and is generally the active financial agent and manager of the bank. He is endowed with full power to transact all usual and general business of the bank, and it would be manifestly unjust to permit a bank to take advantage of the fraud of one whom it holds out to the public as its trusted and responsible agent, and whom the law regards as the chief agent and spokesman of the corporation. Common honesty precludes sanction of such conduct.

The judgment is affirmed.

*Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE GARRIGUES concur.