## No. 9347.

### COMMERCIAL BANK AND TRUST COMPANY *v.* BEACH.

1. BANK—*Authority of Cashier.*   One desiring to purchase certain corporate stock applied to the cashier of a state bank for assistance, executing his note to the bank for an amount

specified by the cashier as the cost of the stock, the cashier agreeing that only the amount necessary should be used in the purchase, and that the balance should be placed to the credit of the customer. The cashier in fact purchased the stock for one half the amount of the note, but concealing the fact, appropriated the whole of the residue. In an action by the Bank upon final renewal of the note in question, the maker pleaded the cashier's appropriation, as a partial failure of consideration. The Bank denying responsibility for the act of the cashier, *held* that the relation of promisor and payee h'aving been created between the parties by the acts of the cashier, and the Bank having received and retained benefits from transaction, it was not to deny that it was a party thereto, nor its legal capacity to act therein.

THE Bank being also a trust company the authority of the cashier to act as its trust officer will be presumed where the transaction was conducted by him and the Bank was benefited thereby.

2. CASHIER—*Liability of Cashier to Bank.* The Cashier is liable to the bank for losses occasioned by his fraudulent conduct, for which the bank is made responsible.

*Error to Larimer District Court, Hon. Robert G. Strong, Judge.*

Mr. T. J. LEFTWICH, Mr. L. R. TEMPLE, for plaintiff in error.

Messrs. STOW, STOVER & SEAMAN, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, The Commercial Bank & Trust Company, brought suit to recover upon a promissory note for $3,000.00, signed by defendant in error, defendant below, Tom Beach. The note sued upon was the last of a series of renewal notes, each of which were for the same amount, and apparently covered the same transaction. Defendant interposed a plea of partial failure of consideration. Trial was to a jury, with a verdict for $1,347.03, with judgment for plaintiff, who, being dissatisfied with the amount of the award, brings the record here for review.

The essential facts relative to the transaction are as follows: Beach was desirous of obtaining certain shares

of stock in a corporation known as The Kansas City Feed Company, Limited, and requested Nelson, cashier of The Commercial Bank & Trust Company, to secure, through his bank, such stock for him. Nelson undertook the employment, but whether as an individual or on behalf of the bank is in dispute. Beach testified that he directed the bank, through Nelson, to buy the stock at the lowest price; that later Nelson notified him it could not be purchased for less than $3,000.00; that he then signed a note for $3,000.00, payable to the bank, and delivered it to Nelson, with the understanding that only so much of the proceeds thereof as was necessary to secure the stock would be used, the surplus of such proceeds, if any, to be credited to his account. From other testimony it conclusively appears that Nelson bought the stock for $1,500.00, and that the balance of the proceeds from the note was passed to the personal credit of Nelson at the bank. Beach further testified that he made repeated attempts to obtain a statement covering the transaction, but could get no details. He claims that later he discovered that the stock had been in fact bought by the bank, through Nelson as its cashier, for the sum stated above.

It is not controverted that the transaction was carried out by Nelson practically as above outlined. It is urged, however, that the fraud, if any, was the individual fraud of Nelson; that the bank neither authorized nor ratified it, and that the profits therefrom, whatever they may have been, were taken by Nelson. It is further contended that the bank was without authority to act in the purchase of the stock; that it did not in fact make the purchase, and had it done so, that the transaction would have been illegal. In an attempt to establish the fact that the bank had the power to act in the matter, defendant introduced over objection a paragraph of the articles of incorporation of the bank, providing that it might carry on an agency and trust business. The admission of this evidence is assigned as error, for the reason that the Bank Act, Laws 1911, prohibits banks from purchasing stocks of other corporations.

This argument is to all intents and purposes a plea of *ultra vires*. It can have no weight, however, when it is noted that the bank was also a trust company, with full power and authority to undertake and carry out precisely such a transaction as the one under consideration. In answer to this it is urged that the mere fact that Nelson was the cashier of the bank raises no presumption that he was also its trust officer.

There is competent evidence in the case that Nelson acted for the bank in some capacity. The relation of maker and payee of a promissory note arose between the parties as a result of the acts of the cashier. His acts were strictly within his authority, and the bank had certain benefits from the transaction, and seeks to retain them. The agreement, according to the testimony of Beach, was that the bank should purchase the stock, and that acting through its cashier did purchase it. The bank provided the funds for that purpose, upon a note given by Beach to it, and by its cashier disbursed the funds improperly and wrongfully. It now retains benefits from the transaction, has collected and seeks to retain all the interest paid by Beach before he discovered the fraud, and apparently sanctions and approves the acts of its cashier. Under such circumstances to hold the bank was not a party to the transaction and not liable for the damage done the defendant would be a travesty upon justice. The bank, through its cashier, was the prime mover in the matter. The correspondence shows that Nelson carried on the negotiations as the cashier of the bank in the purchase of the stock, and not individually. The testimony upon this question, if accepted by the jury as true, which seems to have been the fact, was sufficient to warrant and uphold the verdict. Upon the whole record it seems plain that the bank should not now be allowed to repudiate the transaction on the ground of lack of power in itself, or insufficient authority in the cashier. As was said in *First National Bank v. Wich*, 62 Colo. 119, at page 122, 160 Pac. 1037:

"The cashier of a bank has greater inherent powers than any other official of the corporation, and is generally the active financial agent and manager of the bank. He is endowed with full power to transact all usual and general business of the bank, and it would be manifestly unjust to permit a bank to take advantage of the fraud of one whom it holds out to the public as its responsible and trusted agent, and whom the law regards as the chief agent and spokesman of the corporation. Common honesty precludes such conduct."

Moreover, the bank put it in the power of the cashier to carry out this deal, and if he committed a wrong and damaged the defendant by improper methods, purporting to act in his official capacity, the bank should bear the loss, rather than an innocent outsider, who undoubtedly had faith in Nelson because of his relations to the bank. That institution has its remedy against Nelson and should look to him for the damage, if any, which it has sustained on account of his wrongful acts, made possible through its own conduct.

The assignments of error relative to the instructions given and refused appear to be highly technical and hypercritical, and lack substantial merit. We think the record shows that the law governing the case was fully, clearly and concisely given to the jury. Neither are the errors assigned based upon the admission of alleged hearsay and other improper testimony well taken, as the testimony of this character was admitted for the sole purpose of showing what information had been received by Beach which moved him to act, and the jury was so advised, and not for the purpose of establishing the truth of such information. For this purpose, and thus limited as it was, its admission was not error.

The questions involved are almost wholly ones of fact. The testimony having been submitted to the jury, under proper instructions as to the law, for its findings of fact, and it having found the facts, in all particulars, in favor

of the defendant, the judgment upon the verdict should not be disturbed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.