## No. 11,486.

### Stewart *v.* Board of County Commissioners of Phillips County, et al.

Decided November 1, 1926. Rehearing denied November 22, 1926.

Action to quiet title.  Judgment for defendants.

### *Affirmed.*

1.  Deed—*Consideration.*  A conveyance under seal reciting a consideration is valid, though there is none.

2.  *Consideration.*  Agreement by county commissioners to support grantor during his life, is a good consideration for a deed.

3.  Laches—*Real Property.*  Claimant of real property, if she had any equity therein, held, under the facts disclosed, to have lost it by a delay of ten years in asserting her claim.

4.  Ultra Vires—*Contract—Performance.*  Contract by a board of county commissioners to support an aged person, in consideration of obtaining a quitclaim deed to real property, held not ultra vires, or if so, it was immaterial, because the county had fully performed.

*Error to the District Court of Phillips County, Hon. H. E. Munson, Judge.*

Mr. O. A. Johnson, Mr. Guy D. Duncan, for plaintiff in error.

Mr. Roy T. Johnson, Mr. Marcus C. Leh, for defendants in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

Mrs. Stewart brought suit against defendants in error to quiet title in the N. W. ¼ of sec. 9, township 7, range 45, in Phillips county.  She was defeated and brings error.

The defendant, the board of county commissioners, claimed title in fee, by virtue of a quitclaim deed from plaintiff, who had the remainder, made in 1914, and a quitclaim from one Gilbert, her aged father, who had an estate for life. The deeds were given upon a resolution of the defendant board that the county would support Gilbert during his life and aid the daughter. She alleged duress, but on that issue the court found against her on conflicting evidence. She claims that there was no consideration for the deed, but a conveyance under seal reciting a consideration is valid though there is none (18 C. J. 162, 163; *Amazeen v. Newcastle*, 76 N. H. 250, 81 Atl. 1079); and there was the consideration that the commissioners took upon the county the support of Gilbert, for which plaintiff was legally responsible, or, if we choose to so express it, the forbearance of the county to take the necessary proceedings to charge her with his support was a good consideration. That the county was bound to support him as a pauper, if true, is immaterial because it was not bound to relieve her of her responsibility. Then too if she ever had any equity she lost it by ten years' delay, during the first six of which and until his death the county was supporting her father according to its contract. To the claim that the contract was ultra vires we do not assent, but, if true, it is immaterial because the county has fully performed. 14A, C. J. secs. 2172, 2170; *Lilylands, etc., Co. v. Wood*, 56 Colo. 130, 136 Pac. 1026; *Mulford v. Torrey, etc., Co.*, 45 Colo. 81, 100 Pac. 596; *Denver, etc., Co. v. McClelland*, 9 Colo. 11, 9 Pac. 771, 59 Am. Rep. 134.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

*On Motion to Modify the Opinion.*

The plaintiff in error now moves to modify the opinion because the decree was that the county had a lien on the

land in question while we have intimated that it had the fee. We might say much, but it is enough that our final order affirmed the decree.

Motion denied.