No. 12,421.

ILLINOIS BUILDING COMPANY *v.* GUARDIAN TRUST COMPANY.

(295 Pac. 1105)

Decided February 2, 1931. Rehearing·denied February 24, 1931.

Mr. CASS M. HERRINGTON, for plaintiff in error.

Mr. JOHN E. RINKER, Messrs. BARKER & WEBSTER, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF sued defendant to recover $1,962, the amount claimed to be due under a lease entered into between

plaintiff's predecessor and defendant's assignor. The district court held that the defendant was not liable because the acts of its officers were ultra vires and was not estopped to deny liability. A review of this judgment is here sought.

On December 2, 1919, Morris Reichman leased from the Hitchings-Van Schaack Investment Company, at a monthly rental of $250 a month, the cigar stand privileges in the United States National Bank building in Denver. The defendant loaned Reichman money with which to purchase fixtures to be used in connection with this lease, taking as security therefor a chattel mortgage thereon. Upon Reichman's default in payments, the bank demanded and received the assignment of the lease as additional security. By arrangement between Reichman and the bank, he conducted the cigar business for the bank with the understanding that the net profits were to be applied upon his indebtedness to the bank. This continued for 16 months but no profit was realized. Thereafter the bank requested and received permission of the lessor to assign the lease, the consent thereto being conditioned upon the bank remaining liable for the rent under the lease. An assignment was made to Mrs. Jennie Newlon and $800 in cash realized therefrom was credited on Reichman's note. Later at the request of the bank, Newlon was granted a rent reduction of $50 a month. On December 1, 1925, the rent not being paid, the bank upon notice and in accordance with the lease took possession and sublet to one Frank B. Comstock.. Nineteen hundred and sixty-two dollars represents the amount due under the provisions of the lease at the date of suit.

▇ While a bank generally may not engage in commercial enterprises, still, for the purpose of protecting its loans, it undoubtedly has such right. The assignment of the lease to bank and its conduct of the cigar business thereunder were for the sole purpose of further protecting bank loans to Reichman. Such transactions are not

ultra vires banking corporations. 7 C. J. 591; 3 R. C. L. 423.

It was shown that the acts of defendant's officers in connection with these transactions were ultra vires. Notwithstanding this, plaintiff contends that the bank is estopped to assert such ultra vires conduct because plaintiff has fully performed and the bank has accepted the benefits thereof. Plaintiff at all times acted in good faith and cooperated with the officers of the bank in their endeavor to put the cigar stand on a paying basis so that Reichman's note would eventually be paid. Defendant was benefited by the act of the lessor in accepting the bank as assignee of the lease because the bank was thereby empowered to conduct the cigar stand and apply to Reichman's indebtedness any profit made thereunder. Defendant was again aided by the lessor's conduct in reducing the rent from $250 to $200 a month, the sole purpose thereof being to permit the cigar stand to be placed on a paying basis. Defendant further accepted benefits to the extent of $800, the amount applied on Reichman's note as a result of the money received for the assignment of lease to Newlon. Under such circumstances, the bank cannot be heard to assert that its officers had no power to bind the bank in connection with the transactions here involved. *Bank v. Hammond,* 25 Colo. 367, 55 Pac. 1090; *Mulford v. Torrey Co.,* 45 Colo. 81, 100 Pac. 596; *Mountain Water Works Co. v. Holme,* 49 Colo. 412, 113 Pac. 501; *First Nat. Bank v. Wich,* 62 Colo. 119, 160 Pac. 1036; *Commercial Co. v. Beach,* 66 Colo. 226, 180 Pac. 982; *Stewart v. Commissioners,* 80 Colo. 232, 250 Pac. 562; *Colo. I. L. & I. Co. v. Clem,* 82 Colo. 399, 260 Pac. 1019; 7 C. J. 596; 3 R. C. L. 423.

Our determination herein also disposes of defendant's assignments of cross-error, an enumeration and discussion of which would serve no useful purpose.

Accordingly, the judgment is reversed, and the cause remanded with directions to the district court to enter

judgment in favor of plaintiff in the sum of $1,962 and costs.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.