Municipal Court of Lebanon,
Oct. 4, 1932.

JOHN W. BARKER, *Overseer of the Poor, v.* ALBERT LAMBERT, *& a.*

*Fred Parker Carr* and *C. Murray Sawyer*, by brief, for the plaintiff.

*Fred A. Jones*, for the defendants, furnished no brief.

PEASLEE, C. J.   A payment in advance for the aid furnished would have been a legal transaction supported by a sufficient consideration. *Amazeen* v. *New Castle*, 76 N. H. 250; *Warren* v. *Weaver*, 78 N. H. 108. It is not perceived why a promise to repay in the future is not equally valid and enforceable.

The contention that the wife's promise is void as an undertaking on behalf of her husband (P. L., c. 288, s. 2) mistakes the nature of the transaction.   It was an original undertaking by both, entered into to obtain family support.   The wife may bind herself by such a promise.   *White Mountain National Bank* v. *Noyes*, 81 N. H. 285, and cases cited.

No question has been made of the propriety of an action by the overseer of the poor in his official capacity rather than in the name of the town.

The plaintiff is entitled to recover against both defendants.

*Judgment for the plaintiff.*

All concurred.

---

MEMORANDUM.

Mr. Justice Snow, having attained the age of seventy years on October 19, 1932, retired under the constitutional limitation.