Merrimack,
No. 4859.

NEWBURY *v.* MARIE L. PARSONS AND ROY C. PARSONS.

Argued November 2, 1960.

Decided November 30, 1960.

*Upton, Sanders & Upton* (*Mr. Gilbert Upton* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the defendants.

WHEELER, J. The basic issue presented by the plaintiff's bill of exceptions is whether there was any reasonable evidence to sustain the Court's findings that the deed purporting to convey to Marie an interest as a joint tenant in the property was not delivered and that there was no intention of making a present gift to her and she therefore acquired no present interest in the property which the plaintiff could reach by real estate attachment to secure its claim for support furnished to Marie's two minor children. It is not contended here that Roy was at any time a person legally responsible for the support of Marie's children.

The question of whether a deed is delivered is generally one of fact (*Hurlburt* v. *Wheeler*, 40 N. H. 73) to be ascertained from the intent of the parties at the time of execution. Thus in order to effectively transfer property to another there must be an intention on the part of the grantor to convey together with delivery of the deed and acceptance by the grantee. *Cook* v. *Lee*, 72 N. H. 569.

Marie was admittedly an emotionally unstable person who experienced mental upsets whenever pregnant and had on two occasions been treated at the State Hospital. It was findable that in

February, 1949, she was in the eighth month of pregnancy and became depressed about her economic situation in the belief that if Roy should die she would have no interest in his property. In order to allay her fears he agreed to put his property in their joint names. His intentions as to her present interest is described in his testimony on cross-examination: "Q. Didn't you intend to have her have it? A. If I died, yes. I put it in her name to give her security . . . Q. You wanted it put in the joint names so that she would have an interest in the property in case you died? A. That is correct . . . I felt if I died I didn't want her to have to go through the courts to have a home." Marie testified that "I felt it would be nice if anything happened to him to know that I would have the property."

Roy went to the bank where an officer prepared a joint tenancy deed which he executed. It was recorded by the bank and thereafter placed with Roy's other papers at the bank. Marie never saw the deed and gave no consideration for it.

The question presented here is whether the grantor continued to have the right "to control destination of the deed" and recall it if he desired. If such control was retained by the grantor there was no delivery. *Amazeen* v. *Newcastle,* 76 N. H. 250, 253; *Cook* v. *Brown,* 34 N. H. 460; *Hayes* v. *Davis,* 18 N. H. 600; *Cf. Boody* v. *Davis,* 20 N. H. 140. In the absence of other evidence delivery may not be presumed because it was recorded. *Cram* v. *Ingalls,* 18 N. H. 613. Although actual manual delivery is not established, delivery may be inferred from all the surrounding circumstances such as signing, attestation, acknowledgment and recording but this evidence is prima facie only and not conclusive. *Wells* v. *Iron Co.,* 48 N. H. 491, 537.

The Trial Court found that the bank retained the deed with Roy's papers and that Marie acquired no interest by virtue of the undelivered deed. Marie's testimony indicated that her whole desire was to have security in the event Roy predeceased her. On her husband's part his only wish was to placate her upset mental condition and effect title in the property in Marie at his decease.

We think that the evidence warranted these findings which supported the decree of the Court. Since Marie acquired no interest in the property she had nothing to reconvey to Roy by her deed of December 4, 1958, and it follows the plaintiff secured no lien on the property by its real estate attachment.

In view of the result reached here, it is unnecessary to consider plaintiff's other specific exceptions.

*Exceptions overruled.*

All concurred.