Grafton
No. 7192

### A. Carolyn Hammer

v.

### George T. Ray, Jr., Executor
### of the Estate of Susan C. Schleicher,
### a.k.a. Susan C. Knowles

February 27, 1976

*Alexander J. Kalinski,* by brief and orally, for the plaintiff.

*Deachman & Gruber (Mr. Paul A. Gruber* orally) for the defendant.

Duncan, J.    The plaintiff by this bill in equity seeks to set aside a deed executed by her under date of July 19, 1972, conveying certain premises in Hebron to the defendant's testatrix, who was the plaintiff's great aunt. It is the plaintiff's contention that the conveyance never became effective because there was never delivery or acceptance of the deed. The case was tried by the Court (*Perkins,* J.), and a verdict was returned for the defendant executor. Following verdict the plaintiff moved to set it aside as contrary to the law and evidence. The motion was denied subject to her exception, and the presiding justice reserved and transferred this and other exceptions of the plaintiff.

The facts appear in part from the findings of the trial court in response to the plaintiff's requests. The defendant's testatrix, Mrs. Schleicher, as surviving joint tenant with a former husband, acquired title in 1961 to the house in Hebron which is the subject of this bill in equity. While in her seventies, Mrs. Schleicher thereafter married Ervin W. Schleicher who was some twenty years her junior. Mr. Schleicher was employed by the United Nations in Africa where he was required to spend considerable time. Sometime in 1970, Mr. Schleicher signed a deed of the Hebron premises, which he left with Mrs. Schleicher in case she should wish to dis-

pose of the property while he was in Africa. At sometime thereafter marital difficulties ensued, and Mr. Schleicher instituted divorce proceedings in Africa. Mrs. Schleicher appeared in the proceedings through arrangements made through her attorney, George T. Ray, Jr., a practicing attorney in Plymouth who is defendant in the action now before the court.

Mrs. Schleicher had been concerned that her husband might make some claim to the real estate in Hebron in the event of her death, and having had prior experience with conveyances made through a "straw", she made arrangements to transfer the title to the Hebron property to the plaintiff herein. On August 20, 1971, the plaintiff and Mrs. Schleicher met with Attorney Ray in his office, and the deed signed by Mr. Schleicher was completed to convey the Hebron property to the plaintiff. At the same time a second deed was executed by the plaintiff conveying the property to herself and Mrs. Schleicher, as joint tenants with rights of survivorship. The first deed, from the Schleichers to the plaintiff was recorded forthwith. The second deed was retained by the defendant Ray, but later, on February 23, 1972, was recorded on instructions from Mrs. Schleicher.

Mrs. Schleicher continued to be concerned about the title to the Hebron property, and on July 19, 1972, the plaintiff at her request again accompanied her to Mr. Ray's office, to execute a third deed conveying full ownership of the property to Mrs. Schleicher. This deed, which the plaintiff now seeks to have set aside, was left with Mr. Ray under instructions from Mrs. Schleicher concerning which the evidence was in part conflicting, but which directed Mr. Ray to record the deed when the divorce should become final. The conflict in testimony related to whether or not Mrs. Schleicher's intention was to give further instructions to Mr. Ray at a later date, concerning the recording of the deed.

On December 15, 1972, Mrs. Schleicher brought a libel for divorce against her husband in Grafton County, in which she alleged sole ownership of the presmises in Hebron, and sought to have her title disencumbered from any interest of her husband. Thereafter arrangements were made for disposition of her divorce action by an uncontested hearing. Her divorce became effective April 3, 1973, the decree providing in accordance with a stipulation of the parties, that the Hebron real estate was the sole property of Mrs. Schleicher, and disencumbered of any interests of her husband.

Mrs. Schleicher died on May 8, 1973, as a result of a motor vehicle accident. Following notification of Mrs. Schleicher's death,

the defendant Ray on May 9, 1973, recorded the deed of July 19, 1972, from the plaintiff to Mrs. Schleicher.

As previously indicated the issue between the parties is whether the plaintiff's deed of July 19, 1972, was effective to transfer full title of the Hebron real estate to the defendant's testatrix.

It is a fundamental principle of conveyancing that the question of whether there has been an effective delivery of a deed is one of fact, to be ascertained from the intention of the parties at the time of execution. To be effective, there must be an intention on the part of the grantor to convey, together with delivery of the deed and acceptance by the grantee or his agent. *Newbury v. Parsons,* 103 N.H. 96, 97, 166 A.2d 231, 232 (1960). The evidence before the trial court reasonably warranted a finding that these requirements were met.

The plaintiff's testimony was that she had participated in the several conveyances "as a convenience" to her great aunt and in a desire to comply with her wishes. The crucial evidence related to the transaction of July 19, 1972, which the plaintiff seeks to set aside. While there was testimony that the decedent at various times had expressed a wish that the plaintiff should have the Hebron house, the conveyances in question could be found to have been prompted by Mrs. Schleicher's desire to prevent any claim to the property by her husband.

The plaintiff's testimony concerning the instructions given to Mrs. Schleicher's attorney as to the recording of the deed in part differed from that of the defendant in that it suggested that further instructions were to be given him either by Mrs. Schleicher herself, or through the plaintiff. In response to cross-examination as to "exactly what instructions were given with respect to record-ing", the plaintiff testified: "I believe she said she would like it recorded after her divorce was granted if she so desired". How-ever, on direct examination the plaintiff had testified: "I was there for the purpose of signing [the deed] should a divorce be granted to my aunt, and should my aunt, subsequent to that divorce, de-cease, she wanted to have the house back in her name solely, and there was no other discussion . . . ."

The defendant testified that his instructions when the deed was executed were to record it after the divorce was granted; and that the matter was not again discussed between him and Mrs. Schleicher. He explained that the recording had not occurred until after Mrs. Schleicher's decease, purely from oversight on his part.

From this and other testimony, the trial court could properly

find and rule that it was the intention of the parties to convey full title to Mrs. Schleicher when the deed was executed, that there was delivery of the deed to Mrs. Schleicher or her agent at that time, and acceptance of it by Mrs. Schleicher, so that the deed thereupon became effective. "No further or other delivery of the deed was intended . . . ." *Amazeen v. Newcastle,* 76 N.H. 250, 253, 81 A. 1079, 1081 (1911). We cannot hold as a matter of law that the record compelled a finding that the deed was not effectively delivered with the requisite intent.

*Plaintiff's exceptions overruled.*

All concurred.