## Tocci *v.* Arata *et al.*

(*Common Pleas of New York City and County, General Term.* January 5, 1891.)

CONTRACT—MUTUALITY—MEMORANDUM—PAROL EVIDENCE.

 A writing expressing an agreement by plaintiff to insert in certain newspapers an advertisement of a book to be published by defendants, the compensation to be the insertion of certain advertisements in the book, and a specified number of copies of it, was signed on behalf of plaintiff, and delivered to defendants by plaintiff's agent, but was not signed by defendants, and did not purport to bind them. *Held* that, in an action by plaintiff against defendants for breach of the contract, parol evidence was admissible for plaintiff to show the terms of defendants' engagement, on the faith of which plaintiff agreed as indicated in the writing. Following *Routledge* v. *Worthington Co.*, 23 N. E. Rep. 1111, 119 N. Y. 592; *Curtis* v. *Soltau*, *ante*, 285.

Appeal from second district court.

Action by Felice Tocci against Pietro Arata and Rocco Metelli, for damages for breach of contract. Defendants appeal from a judgment for plaintiff entered on the verdict of a jury.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Hyland & Zabriskie,* for appellants. *Scott Lord,* for respondent.

BISCHOFF, J. Plaintiff being the proprietor and publisher of two news-papers called respectively "Eco d'Italia" and the "Revista," and the defend-ants, as copartners, being about to publish a book called the "Giude," in the month of April, 1889, after some preliminary negotiations entered into a con-tract, whereby the plaintiff agreed to advertise the publication of the Giude in his newspapers, payment for which advertisements was to be made by the defendants by an advertisement of the plaintiff's business to be inserted in the Giude, and the gratuitous delivery to the plaintiff of 500 copies of the de-fendants' publication. The following writing, purporting to express the plaintiff's engagement, was signed and delivered by his authorized agent to the defendants:                              "APRIL 10. Memorandum.

"Mr. Tocci agrees to insert in the Eco, daily, and in the Revista Italio Americana, an advertisement, the same to occupy half a column in the first page, to last and continue until publication of the Giude. In compensation, Mr. Arata will insert a top adv. in the Giude Generale Italiana, and fifteen pages of Tocci advertisements in the same Giude, and give five hundred cop-ies of the same gratis, to be sent by Tocci to his clients in Italy.

[Signed]                              "FELICE TOCCI.
                                       "Per M. CREVELLI."

Upon the trial, the justice permitted the plaintiff, against the objection of defendants' counsel, to introduce parol evidence of the terms of defendants' engagement, upon the faith of which the plaintiff agreed as indicated in the writing hereinbefore set forth, and defendants' exceptions to this ruling upon the trial present the only alleged errors which the record of this case calls upon us to consider. It is apparent from that record that, if this parol evidence was properly admitted, then the only question to be disposed of in the trial court was whether or not the parties to this action had performed their respective engagements; the plaintiff insisting that he had furnished the requisite advertisements to entitle him to the delivery of the promised 500 copies of the Giude, and the defendants, on the other hand, claiming that, the plaintiff had not advertised the Giude as agreed, and that he was not, for that reason, entitled to the delivery of such 500 copies, and thus the ques-tion of the defendants' liability in this action was one purely of fact, which it was the province of the jury to determine, and with which an appellate court should not interfere. We do not think the parol evidence complained of in this appeal was improperly admitted. The writing was signed on be-half of the plaintiff only, and did not undertake to bind the defendants. In such a case, it has been held by the court of appeals that the writing, while it may be *prima facie* evidence of the engagement of the party signing, does not preclude him from showing by parol what the undertaking of the party not signing was, and upon the faith of which undertaking the party signing agreed as in the writing indicated. See *Routledge* v. *Worthington Co.*, 119 N. Y. 592, 23 N. E. Rep. 1111. The same point is also fully consid-ered in *Curtis* v. *Soltau, ante,* 285, (just decided by the general term of this court, and the opinion in which is about to be announced.) The cases cited determine the question presented on this appeal adversely to the appellants herein. The judgment should be affirmed, with costs.