CAMERON SUN, Respondent, v. JOHN J. MCANAW, Appellant.

Kansas City Court of Appeals, November 22, 1897.

1. **Justices' Courts:** STATEMENT: SUFFICIENCY OF. An account set out in the opinion is *held* a sufficient statement in the justice's court.

2. **Debtor and Creditor:** WORK AND LABOR: EXTENDING CREDIT: AGENCY. Where an attorney agrees with a printer to pay for the printing of briefs for his client, and the printer relies thereon, the attorney is liable.

ON MOTION FOR REHEARING.

3. **Account:** INSTRUCTION: ERROR IN AMOUNT: REMITTITUR. An instruction directing the return of a verdict for $79 for printing a brief at a dollar a page, when there are only 76 pages, is *error*, and the maxim *de minimis* does not apply and the excess should be remitted.

*Appeal from the Clinton Circuit Court.*—HON. H. T. HERNDON, Judge.

AFFIRMED.

*F. B. Ellis* and *J. J. McAnaw* for appellant.

(1) The statement sued on is insufficient. *Hill v. St. Louis Co.*, 90 Mo. 103. (2) An agent in prosecuting the business of a known principal can not be held personally to a third party, except in two instances, *i. e.*, *first*, a tort, and *second*, by express contract. *Whitney v. Wyman*, 101 U. S. 392.

*E. J. Smith* for respondent.

(1) The statement of account sued on meets the requirements of the statutes, section 6138, concerning

Cameron Sun v. McAnaw.

the bringing of suits in justices' courts; also, its sufficiency is sustained by the uniform rulings of the appellate courts from *Coughlin v. Lyons,* 24 Mo. 533, to the present time. See, especially, *Ingalls v. Averitt,* 34 Mo. App. 371; *Polhans v. R'y,* 45 Mo. App. 153; 115 Mo. 535. Plaintiff's second instruction was without error. There was no controversy as to there being seventy-nine pages in the brief and that $1 per page was to be had for printing it.

SMITH, P. J.—This suit was commenced before a justice of the peace by filing of the following account:

Mr. John McAnaw.

To B. Ross and J. C. Tracy (Cameron Sun) Dr.

Sept. 9, 1893.  To printing brief in case of T. J. Querbach vs.

P. G. Arnold, 79 pages at $1 per page .........................$79.00

To interest at 6 per cent from maturity of claim........ ......... 9.08

$88.08

There was a trial in the circuit court, where the cause was removed by appeal and where the plaintiff had judgment. The defendant has appealed.

The defendant assails the judgment on the ground that the statement of the account filed before the justice is insufficient to support the judgment. This assault must fail.

JUSTICES' courts: statement: sufficiency of.

The statement is ample under the provisions of the statute, section 6138, Revised Statutes, which was lately examined and construed by us in *Glenn v. Weary,* 66 Mo. App. 75. The instructions given by the court at the request of both parties are correct and harmonious expressions of the law, applicable to the facts which the evidence tended to prove. And that asked by defendant—his third—and refused by the court, was properly refused.

If the credit was extended by plaintiffs to the defendant and not to Querbach, or, which is the same

DEFENDANT: creditor: work and labor: extending credit. thing, if the plaintiffs and defendants entered into a parol agreement by which the defendant expressly undertook and promised to pay for the printing of the briefs mentioned in the account sued on, if plaintiff would print such briefs; and that plaintiff, relying on such promise and undertaking of the defendant, did print the same, then the defendant was liable therefor. In such cases it is only necessary to inquire to whom it was understood between the parties that the creditor should look for payment in the first instance.

Under the evidence and instructions the jury found an express agreement by which the plaintiff was to look to the defendant for payment and this finding is conclusive on us.

There are some other minor objections suggested in the brief of counsel for defendant, but these, on examination, we find to be destitute of merit.

The judgment will accordingly be affirmed. All concur.

### ON MOTION FOR REHEARING.

SMITH, P. J.—The trial court gave for plaintiff an instruction directing the jury that if they found for plaintiff to return a verdict for $79 with interest at six per cent from the time of the demand for payment. This was error because the undisputed evidence shows that the contract price for printing the brief mentioned in the account sued on was $1 per page ACCOUNT: instruction: error in amount: remittitur. and that there were only seventy-six pages instead of seventy-nine. The discrepancy between the amount found by the jury and that they should have found under the evidence is too large to fall within the principle of the maxim, *de minimis lex non curat.*

The motion must be sustained and the judgment reversed, unless the plaintiff will in ten days hereafter file with the clerk a *remittitur* of $3.90, in which case the judgment will stand. The costs of the appeal adjudged against respondent.