[No. 5509.]

[No. 3179 C. A.]

## KNIGHT-CAMPBELL MUSIC COMPANY v. BUCK.

**Contracts—Parol Evidence to Vary Terms of Written Contract.**

In an action on a written contract for the sale of a piano, where the contract provided that the whole terms of agreement must be embodied therein, it was improper to permit defendant to prove that before, at the time of, and after the contract was signed, plaintiff's salesman represented that, if defendant should be unable to pay, plaintiff would take back the piano.—P. 180.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Rice W. Means, Judge.*

Action by the Knight-Campbell Music Company against William H. Buck. From a judgment of the county court for defendant on appeal from a justice court, plaintiff appeals.                *Reversed.*

Mr. HARRY C. RIDDLE, for appellant.

Mr. A. NEWTON PATTON, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The defendant made and entered into a contract in writing with the plaintiff, wherein he promised to pay to plaintiff the sum of $278.00 in installments of eight dollars per month. The consideration of this contract was the sale by plaintiff to defendant of a piano. The agreement provided that there should be a lien upon the piano for the amount of the purchase price, and in the event of the nonpayment of the note, the plaintiff could take possession of the piano, sell it, and out of the proceeds pay the costs attending the sale and a reasonable commission therefor, and apply the balance upon the note. After making two of the payments the defendant returned

the piano to plaintiff. Plaintiff immediately wrote to defendant, saying that it could not receive the piano, but had placed it in a storage room subject to his order, and demanding payment of the balance then due. This being refused, this action was brought in the justice court and from there appealed to the county court, where judgment was rendered for the defendant. Plaintiff appeals.

The contract contains the following clause:

"That the whole terms of agreement must be embodied in this contract, and that verbal arrangements made with agents relating to terms of sale, payment of principal and interest, or any other matter contemplated by this contract, will not be binding."

Notwithstanding this condition, and notwithstanding the rule of law that parol testimony cannot be admitted to vary the terms of a written contract, the court, over the objection of plaintiff, permitted the defendant to prove that the salesman who acted for the plaintiff in making the sale represented to the defendant before, at the time of, and shortly after the contract was signed, that, in the event of the defendant's being unable to pay the amount stipulated in the contract, the plaintiff would take back the piano. The trial court based its judgment upon this testimony.

The ruling of the court in admitting this testimony was clearly erroneous.

"When the parties to an agreement have reduced it to writing, in such form as to import a valid legal obligation, complete and unambiguous in its terms, with no uncertainty as to the extent of the obligation, it is, in the absence of fraud, accident or mistake, conclusively presumed that the writing constitutes the whole engagement of the parties, and no extrinsic evidence of prior or contemporaneous nego-

tiations between the parties is admissible to vary or qualify the written contract.''—*The Oil Creek G. M. Co. v. Morse, Fairbanks & Co.,* 19 Colo. App. 142; *The McIntosh-Huntington Co. v. Rice,* 13 Colo. App. 393; *Carr v. Schafer,* 15 Colo. 54.

This doctrine must necessarily be enforced when the contract contains a provision which prohibits verbal arrangements made with agents, as is the case in this matter.

Because of the error of the court in admitting this testimony, and because it affirmatively appears from the record that the judgment for the defendant was based upon such incompetent testimony, the judgment must be reversed.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.