## No. 10,196.

### ELDER *v.* EASTWOOD, ET AL.

Decided May 7, 1923. Rehearing denied July 2, 1923.

Action for labor and materials furnished. Judgment for plaintiffs.

### *Affirmed.*

1. ATTORNEY AND CLIENT—*Liability of Attorney for Expense of Printing Briefs.* An attorney does not become liable, in the absence of an express promise, for printing bills when he acts solely for his client, but where an attorney is personally interested in the proceedings in which the work is done, if he wishes to escape personal liability he must expressly contract to that effect.

2. APPEAL AND ERROR—*Sufficiency of Evidence.* There being substantial evidence to support a verdict, it will be accepted as conclusive on appeal.

3. EVIDENCE—*Receipts—Parol.* Where receipts do not contain all the terms of a contract, parol evidence is admissible to show matters not covered by the writing.

4. CUSTOM AND USAGE—*Evidence.* Evidence of custom and usage held properly admitted to explain the wording of a contract, where it does not tend to contradict the express terms of the instrument, and no other objection is made to its introduction.

5. APPEAL AND ERROR—*Objections not Made Below.* Objections to evidence made for the first time in the appellate court will not be considered.

6. INSTRUCTIONS—*Requests.* Requested instructions which do not correctly state the law, or which are covered by instructions given by the court, are properly refused.

7. PLEADING—*Want of Capacity to Sue.* The question of the failure of a plaintiff's assignor corporation to pay the annual license tax cannot be raised under an allegation of the answer, that plaintiff had no legal capacity to sue. The facts showing want of capacity must be set out.

8. AFFIDAVIT—*Sufficiency—Notary Public.* An affidavit is not defective because the notary fails to write the words "notary public" after his signature, where there is sufficient evidence showing he was a notary at the time the affidavit was executed.

9. APPEARANCE—*Summons—Failure to File Return.* Objection to the service of summons because of a failure to file the return within ten days, is waived by the filing of a demurrer to the complaint by defendant.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE R. ELDER, Mr. ROBERT D. ELDER, for plaintiff in error.

Messrs. ROGERS, JOHNSON & FULLER, Mr. FRANK A. KEMP, for defendants in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendants in error, as assignees of The Eastwood-Elwell Printing Company, brought this action to recover a balance of $1851.60 claimed to be due for work, labor, material and services delivered and rendered by The Eastwood-Elwell Printing Company to the plaintiff in error and others. The action was brought against George R. Elder, Ida D. Elder, Frank E. Mann and Rufus C. Elder, and Frank E. Mann and Rufus C. Elder as executors of the last will and testament of George W. Elder, deceased.

Service was had only upon George R. Elder and Ida D. Elder. The jury returned a verdict under the instructions of the court in favor of Ida D. Elder and the court submitted to the jury the question of the liability of George R. Elder plaintiff in error here. The jury returned a verdict against Elder for the sum of $1401.60, together with interest thereon from September 1, 1920, and he brings the case here. In this opinion the parties will be designated as in the court below.

It appears that a judgment had been rendered in the United States District Court for the District of Colorado against Rufus C. Elder and Frank E. Mann, as executors of the last will and testament of George W. Elder, deceased, and Frank E. Mann, who had brought an action in that court, as complainants, as stockholders of The Adams Mining Company against The Western Mining Company and others, being case No. 6344 (263 Fed. 414). During the progress of this case George R. Elder and Ida D. Elder, filed a petition for leave to intervene which was denied. The complainants prayed an appeal from the judgment against them to the United States Circuit Court of Appeals, and George R. Elder and Ida D. Elder also prayed an appeal from the order denying them leave to intervene, and asked leave to use, as their record on appeal, the same record as was used by the complainants on their appeal, which leave was granted.

It should also be stated that George R. Elder was the owner and holder of several thousand shares of the capital stock of The Adams Mining Company. The printing was done in that case, and the defendant claims that it was done pursuant to an express contract reduced to writing August 4, 1919, between The Eastwood-Elwell Printing Company and the attorney representing Rufus C. Elder and Frank E. Mann as executors of the last will and testament of George W. Elder, deceased, and Frank E. Mann, and that the fixed piecework consideration to be paid was 80 cents per page and $1.25 for index.

The first question that arises is as to the personal liability of the defendant.

Defendant's position is that he cannot be held personally liable, and that no judgment could or should have been rendered against him, for the reason that he was acting as agent for a disclosed principal. He further claims that the contract referred to covered all the work that was to be done by plaintiffs' assignors. The plaintiffs' contention is that the contract did not cover and include all the work that was to be done, but was only a special contract for printing a narrative statement at the rate of 80 cents per page and $1.25 per page for indices, and that the amount sued for includes the reasonable value of labor and material as extras, not included in the original contract, and that the defendant is personally liable therefor.

We think the law is well settled, as a general proposition, that an attorney does not become personally liable in the absence of an express promise, for expenses of printing briefs, abstracts and other work of like character, done at the instance of the attorney, where he acts solely for his clients. We think that the rule is correctly stated in the case of *Cameron Sun v. McAnaw*, 72 Mo. App. 196, wherein the court said:

"If the credit was extended by plaintiffs to the defendant and not to Querbach, or, which is the same thing, if the plaintiffs and defendants entered into a parol agreement by which the defendant expressly undertook and promised to pay for the printing of the briefs mentioned in the account sued on, if plaintiff would print such briefs; and that plaintiff, relying on such promise and undertaking of the defendant, did print the same, then the defendant was liable therefor. In such cases it is only necessary to inquire to whom it was understood between the parties that the creditor should look for payment in the first instance."

To the same effect are the cases cited by defendant.

We are, however, of opinion that where, as here, there is evidence that the attorney was directly and personally interested jointly with others in the proceedings in which the work was being done, and that it was not solely for his clients, the contract may be express or it may be implied

from the conduct of the parties in the course of their dealings, and the attorney, if he wishes to escape personal liability, must expressly contract to that effect. There is also evidence that the defendant contracted personally for the work done and personally assumed and agreed to pay for it; there was also evidence in support of, and to sustain, the various items sued for, and the court submitted to the jury, under correct and appropriate instructions, the question of the defendant's personal liability for the various items, and whether the contract for 80 cents a running page and $1.25 per page for indices covered all the work done by plaintiffs' assignors.

We think the court correctly and fully stated the law in its instructions to the jury concerning the personal liability of defendant and that defendant has no cause for complaint in that respect. There having been substantial evidence to the jury to establish defendant's personal liability, we must accept its verdict as conclusive.

The defendant claims that the receipts, given by the printing company, constitute written contracts containing all the terms of the agreement between the parties relative to the printing and that the same could not be altered, changed, or contradicted by parol evidence, or by the evidence of custom or usage. This position is not tenable for the reason that the receipts in question do not purport to contain, and evidently do not contain, all the terms of the contract, and they so show on their face. Where such is the case parol evidence is admissible to show matters not covered by the writing. *Mulford v. Torrey Exploration Co.*, 45 Colo. 81, 100 Pac. 596, and other cases cited in plaintiffs' brief.

The plaintiffs introduced evidence of the usage and custom among Denver printers to charge double price for tabular matter and $2.50 per hour for extra work made necessary by author's changes. This evidence was objected to on the ground "that the matter shown here is a specific contract for work done at a certain price per page for certain elements of the work done and that it is not proper to

introduce evidence of a custom or usage to modify a specific contract." The matters which this evidence was introduced to sustain, were not mentioned in the express contract. The evidence does not disclose any reference to these matters, either in the receipts or in any contract between the parties, and the jury having found that there was no specific contract whereby the plaintiffs had agreed to do all the work that might be necessary for a flat compensation of 80 cents per page and $1.25 for indices, we think the defendant's objection cannot be sustained. This evidence of usage and custom seems to have been introduced to explain the word "page", i. e., as to whether the word "page" as used by plaintiffs meant the ordinary running page of straight matter, or whether it included tabular matter and also to show the reasonable price for setting tabular matter and making author's changes. This evidence did not contradict, nor tend to contradict, the express terms of the contract, and no other objection to its introduction having been made, there was no error in its admission.

The defendant further urges that he had no knowledge of such customs and usage, and also that the evidence should not have been admitted because such customs and usage were not pleaded by the plaintiffs. When this evidence was introduced the defendant made no such objections to its introduction as he now urges, the only objection being that such evidence was not proper to modify a specific contract, and the objections now being made for the first time, need not be further considered.

The defendant complains that the court erred in the giving of instructions 10, 11, and 12. We think the instructions were applicable to the issues and were properly given. The defendant also objected to the refusal of the court to give instructions 1 and 7 requested by him. We think neither of these requests correctly stated the law and the court properly refused to give them as requested, and, furthermore, the matters suggested in request No. 1 were fully covered in the instructions which the court gave.

The defendant assigns error on the action of the court in overruling his motion to dismiss the suit on the ground that plaintiffs' assignor had failed to pay the annual corporation license tax. This assignment of error is without merit for the reason that the defendant waived the question by failing to plead it. Merely alleging in his answer that the plaintiff had no legal capacity to sue is not sufficient. The facts showing their want of capacity to sue should have been set forth.

We think the affidavit of the plaintiffs' copartnership was sufficient and that the trial court properly so held; the objection made to the affidavit was that the notary failed to follow her signature with the words "notary public" but she attached the seal which showed that she was a notary public, and her commission which was introduced in evidence also showed that she was a notary public at the time the affidavit was taken.

The failure to file the return of the summons within ten days, of which complaint is made by the defendant, was waived by the appearance of the defendant in filing a general demurrer to the complaint.

Finding no error in the record the judgment is affirmed.