No. 10,572.

WHEELOCK *v.* HONDIUS.

Decided January 7, 1924.

Action on a promissory note. Judgment for plaintiff.

*Affirmed.*

1. BILLS AND NOTES—*Promissory Note—Consideration.* Extension of the time for the payment of a sum of money is a sufficient consideration for the ,execution of a promissory note.

2. *Delivery.* Facts reviewed, and the contention of the maker of a promissory note that there was no delivery to the payee, overruled.

3. PRINCIPAL AND AGENT—*Contract.* A principal who adopts a contract in part, affirms it as a whole.

4. PLEADING—*Inconsistent Defenses.* Inconsistent defenses are permissible under the Colorado Code of Procedure.

5. BILLS AND NOTES—*Promissory Note—Conditional Delivery.* As between the' immediate parties to a promissory note, delivery may be shown to be conditional or for a special purpose. The delivery may be shown by oral testimony, but the oral agreement constituting delivery must be contemporaneous with, and not prior to the physical delivery of the instrument.

6. *Promissory Note—Conditional Delivery.* Facts reviewed and held not to constitute a conditional delivery of a promissory note, or delivery for a special purpose.

7. *Promissory Note—Conditional·Delivery—Parol Evidence.* The parol evidence rule permits the reception of oral testimony of a contemporaneous oral agreement to show conditional delivery, but not to show that the note is not to be paid at all.

8. APPEAL AND ERROR—*Harmless Error.* Error in overruling a demurrer to a defense interposed in an action on a promissory note, is cured by direction of a verdict for plaintiff.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. FANCHER SARCHET, for plaintiff in error.

Mr. AB H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action is by Hondius payee, against Wheelock maker, of a promissory note. The answer admits that defendant and his son Frank signed this note, but denies that there was any consideration for it, and denies that it was delivered by the defendant to the plaintiff. The second and affirmative defense purports to set up a conditional delivery, which the plaintiff denominates an attempt by oral testimony, to contradict and vary the terms of the written note. The plaintiff's general demurrer to the affirmative defense was overruled, and upon a trial before a jury and at the close of the evidence, the court directed a verdict in favor of the plaintiff for the amount of the note. The defendant relies for reversal upon three propositions: (1) That there was no consideration for the note. (2) No delivery. (3) A conditional delivery for a special purpose.

1. In a written contract of sale of land between the plaintiff Hondius and Frank Wheelock, it was provided that upon delivery of the deed of conveyance by Hondius, a cash payment was to be made of about $4,100. Accompanying the contract of sale was a written agreement to be held, along with Hondius' deed and abstract of title, in escrow by, and it was so deposited with, the Loveland National Bank. The escrow agreement required the bank to deliver the deed to the purchaser, Frank Wheelock, when the conditions of the sale contract were performed. The

sale contract specified that payments for the land were to be made annually, the first a cash payment of about $4,100, at the time of the delivery of the escrow agreement, and equal annual payments for the balance, less $1,000, paid at the time the contract was signed, were to be made thereafter and until the entire purchase price was paid. Frank Wheelock was unable to make the first cash payment, and the plaintiff refused to complete the agreement unless the defendant Wheelock, the father of Frank, would, as he did, sign a note or notes with his son for this amount, to be spread over a period of time. The note here sued upon is one of the two which the defendant so signed, the son being a joint maker, as representing a part of the entire purchase price and which, without the extension of time of payment, must have been paid in cash as hereinabove stated. Defendant testifies that the consideration for signing the note was the change of dates of, or the extension by the plaintiff of the time for, the first payment of the purchase price. This is a sufficient consideration. The testimony of the defendant himself establishes it, and plaintiff's testimony corroborates it.

2. Before these several papers were left with the bank, this note, and another note for $1,000, due June 15, 1921, were signed by Frank Wheelock and the defendant under and in pursuance of the agreement of the three parties, and both notes were sent by the defendant to the Loveland bank, the escrow holder, with instructions to the bank to deliver them to Frank Wheelock when he and the plaintiff Hondius appeared at the bank to consummate the sale contract. There is testimony by the cashier of the bank and the plaintiff that Hondius and Frank Wheelock appeared at the bank on April 9, 1921, and that these two notes were passed out to Hondius and Frank Wheelock, who were sitting at a table, and were inspected by them and pronounced right, and thereupon the notes came into possession of Hondius, and by him were delivered to the bank, together with the title papers and the escrow agreement, as was unquestionably intended by all concerned. When the first of

these two notes became due June 15, 1921, the defendant paid it and the interest thereon. After that note was paid, and before this suit was brought, a forfeiture of the sale contract was declared by the seller Hondius, because of the failure by the purchaser to pay the interest due October 1 upon that portion of the balance of the purchase price of the land not included in these two notes signed by the defendant. The purchaser, Frank Wheelock, voluntarily surrendered possession of the premises in accordance with this demand of the seller Hondius, and the latter from that time has been in possession. Frank Wheelock testified at the trial that, although he made out this note in suit and signed it and sent it to his father for his signature, and that it was taken in lieu of the first cash payment, he was not present at the bank on April 9, as testified to by the cashier and the plaintiff, and had never seen the note from the time he sent it to his father until it was produced at the trial.

If there was no further evidence on this point, it may be that the court should have submitted the controverted question of fact to the jury upon the question of delivery. There is testimony, however, both by Frank Wheelock and the defendant, of the payment by the defendant of the note which matured June 15, 1921, and this note was sent to the bank in the same envelope that carried the note in suit. The defendant may not be heard to say that there was not a delivery of the note in suit on April 9, but, if otherwise, he afterwards ratified what was done April 9 at the bank when the note was delivered by paying the note of first maturity delivered at the same time and in the same circumstances with the note in suit. The contract was an entire one, including both notes. A principal who adopts a contract in part, affirms it as a whole. *Mulford v. Torrey Explor. Co.*, 45 Colo. 81, 86, 100 Pac. 596. The note in suit was in Hondius' possession, through the escrow agent, at all times after April 9, and the defendant must have known it when he paid the first note, both of which were received by Hondius and delivered by him to the bank at

the same time. It is not important if the bank did not put these two notes in the hands of Frank at the time of the transaction, if Frank was present, for the note unquestionably came into Hondius' possession, and afterwards was delivered by him to the bank to be held under the terms of the escrow agreement. The bank was the agent of both parties to the escrow agreement, and it was the agent or representative of the defendant in the matter of the delivery of these notes. The defendant himself says that they were given as part of the purchase price of the land, and in lieu of the cash payment required by the contract of sale. All of these parties were conversant with the entire transaction, and that which was done in the matter of the delivery of the notes was strictly in accordance with their agreement. There was no modification of the terms of the contract of sale, save only as to the time and method of the first payment of the purchase price. The notes were not intended to be merely the written evidence of this alleged modification, but they were given to enable Frank Wheelock, the defendant's son, to get possession of the land, and perfect the contract of sale. In transmitting the notes to the bank for delivery to Frank, the defendant wrote that they "constitute the first payment according to the original agreement." The modification or change in the original agreement, which, as stated, was merely an extension of the time of the first payment and an acceptance of the notes in lieu of cash, did not change that writing in any respect so far as concerns the question of consideration for the notes. Even though Frank was not present at the bank on April 9, when Hondius got possession of the notes and afterwards delivered them to the bank to be held in escrow, this result was nothing more than what the terms of the contract required should be done. Besides, the purchaser was allowed to hold possession of the land partly upon the strength of possession of the notes by Hondius thus acquired, and, in view of the undisputed facts, it was not error for the court to direct a verdict for the plaintiff, for

such slight evidence as there was, as to a non-delivery, was of no probative force whatever upon that issue.

3. Inconsistent defenses are permissible under our Code of Civil Procedure. Assuming that, notwithstanding what plaintiff says is an irreconcilable repugnancy between the defense of no delivery at all and a conditional delivery, it does not prevent the defendant from alleging them in separate defenses, we pass to the consideration of the alleged affirmative defense that the delivery of this note was not intended to transfer the property in the instrument. Section 3833 C. L. 1921, provides that as between the immediate parties to a promissory note, delivery may be shown to be conditional, or for a special purpose. It may be shown by oral testimony, but the oral agreement constituting delivery must have been made contemporaneous with, not prior to, physical delivery of the instrument. If the oral agreement relied upon in this case was made at all, it was some time previous to the delivery of the note, and will be deemed merged in the writing. For this reason alone the defense fails. But, if not so, and the alleged oral agreement was made contemporaneously with the conditional delivery, it is no defense to this action. The defendant says in the letter to the bank, in which the notes were enclosed, that they "constitute the first payment according to the original agreement," and he also testified that the notes were signed by him on the express understanding that they represented a payment, time extended, on the purchase price, the first note to become due September 15, 1921, the second, December 15. This was not a conditional delivery at all or for a special purpose. It was an absolute delivery of the notes, unconditional, which the plaintiff accepted in lieu of cash on the purchase price, and was not, as claimed by the defendant, merely to represent or to be taken as evidence of a payment of the purchase price that Frank was to make at these times. Defendant's own testimony negatives the idea that the note was ever delivered conditionally; or was not to be paid at all but was merely a memorandum of a future payment by the purchaser.

Furthermore, if any such agreement, as the defendant says was made, was entered into, it was oral and not in writing and it clearly contradicts, varies and destroys the terms of the written instrument. The parol evidence rule permits reception of oral testimony of a contemporaneous oral agreement to show conditional delivery, but not to show that the note is not to be paid at all. *Faris v. Beck, as ·Receiver,* 74 Colo. 480, 222 Pac. 652; *Welles v. Colo. Natl. Life Assur. Co.,* 49 Colo. 508, 113 Pac. 524; *McFarland v. Hueners,* 96 Ore. 579, 190 Pac. 584.

To sum up, the evidence by the defendant himself, consisting of the letter written by him at the time he sent the notes to the bank and of his testimony at the trial, conclusively shows that he intended this note as a part payment of the purchase price of the land and in lieu of cash which the agreement provided for. The only modification, if it be a modification, of the terms of the contract of sale, was the waiver by the seller of his right to demand cash at the time of the deposit of the escrow papers and to accept, in lieu thereof, these notes signed by the defendant, for payment at a future time. Accepting, therefore, as true the contention of the defendant that "the aggregate principal sum of the two notes is the amount which the parties originally agreed should be paid in cash, and that the cash payment has been dispensed with," defendant's liability on this note is not open to dispute. The conduct of the parties abundantly shows that these notes were given by the defendant and accepted by the plaintiff in lieu of cash which the contract of sale called for. There was a sufficient consideration; in law, they were delivered; they were delivered, not conditionally, or for a special purpose, but absolutely and unconditionally. Neither of the defenses or objections to a recovery is tenable. It was error to overrule plaintiff's demurrer to the second defense of the answer, but the directed verdict for plaintiff at the close of the evidence cured it.

The judgment is right and it should be affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.