## No. 12,807.

AXELSON *v.* DAILEY CO-OPERATIVE COMPANY ET AL.
(298 Pac. 957)

Decided April 6, 1931.   Rehearing denied April 27, 1931.

Messrs. McCONLEY & McCONLEY, Mr. AVERY T. SEARLE, for plaintiff in error.

Mr. T. E. MUNSON, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

THIS cause is here on writ of error and application for supersedeas to review a judgment obtained by the Dailey Co-operative Company, a corporation, plaintiff below, against Axelson, defendant, on two causes of action, based upon two promissory notes. We refer to the parties as aligned in the trial court.

The defendant was not served with process, but an attorney appeared, waived service and confessed judgment under powers contained in the notes, which might be and were exercised "if not paid when due." Judgment was accordingly entered and it was later assigned to Kelsey, one of the defendants in error, who levied an execution on certain land belonging to the defendant. Thereafter, on motion of defendant, accompanied by an affidavit of a meritorious defense, the trial court set the judgment aside, but as the land on which execution was levied appeared to be of the value of $4,000, the court vacated the judgment upon terms, the terms being that the defendant should give a bond in the sum of $4,000 for the payment of the value of the land in case he was unsuccessful in establishing his defense. The bond was given, answer and replication were filed and the case tried. The court found that defendant failed to establish his defense and judgment was reentered against him.

The gist of Axelson's defense is that the notes signed by him were left in a bank in escrow and that by some fraudulent means, they were taken out of escrow and got into the possession of Sparks, the payee, who transferred them to plaintiff. But there is evidence that the notes never were in escrow; that they were given in consideration of the sale of certain real estate by Sparks to Axelson, and that a warranty deed thereto was executed and recorded. Upon hearing the evidence, the trial court made exhaustive findings of fact on which it based its final judgment.

The assignments of error may be grouped as follows: The court erred (1) in holding that there was no escrow agreement between Axelson and Sparks; (2) in holding

that it had jurisdiction to enter judgment by confession on warrant of attorney before the notes were due on their face; (3) in reinstating the original judgment.

■ 1. The first assignment of error presents a question of fact on conflicting evidence. There is ample proof to sustain the findings that there was no escrow agreement, nor any defense as between the maker and payee, and that even if there had been such defense, nevertheless the plaintiff purchased the notes in due course for value prior to maturity, without notice of any existing equities between the original parties. As we have said in other cases, we do not interfere with findings of fact on conflicting evidence.

■ 2. Counsel for defendant is not correct in assuming that the judgment by confession was entered before the notes were due. They contain a clause for payment of interest semiannually, and "If interest is not paid when due, then both principal and interest shall become due at the option of the holder." The complaint, sustained by proof, shows that no payment was made on principal or interest and that plaintiff elected to declare the full amount due under the terms of the notes. Defendant admits that he paid nothing on them. The acceleration of maturity by nonpayment of any installment or of interest is a provision frequently contained in promissory notes. It is recognized by the negotiable instrument act. Third clause, section 3819, C. L. 1921. The same statute also recognizes negotiable instruments which authorize confession of judgment if the instrument be not paid at maturity. Second clause, section 3822, C. L. 1921. Axelson made such a written contract, evidenced by his promissory notes, and we see no reason for relieving him of his obligation. The judgment was strictly within the terms of the notes and was not entered until after breach of condition.

■ ■ 3. The court did not err in reinstating the original judgment. Defendant was given a full opportunity to present his defense, which he had a right to do

on seasonable and proper showing (*Commercial Credit Co. v. Calkins*, 78 Colo. 257, 259, 241 Pac. 529, and cases there cited), but having failed to establish such defense, and plaintiff's proof being complete, the court had no alternative but to reenter the judgment. Jurisdiction was complete over the person and subject of the action, and it was within the discretion of the court to impose terms on vacating the original judgment. Section 81, Code of Civil Procedure. Events show that the court's discretion was wisely exercised in this case. The court merely exacted a bond for the protection of an intervening lien, acquired by Kelsey, assignee of the judgment. Of course, if the judgment had not been sustained, the security would have been released. Defendant suffered no injury.

Other arguments of counsel for defendant need not be considered, since they are based chiefly upon assumptions of fact that we deem to be erroneous in view of the evidence and the findings of the trial court. We discover no error in the record; the judgment must therefore be affirmed.

MR. JUSTICE CAMPBELL, MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.