No. 12,413.

DENVER INDUSTRIAL CORPORATION *v.* KESSELRING ET AL.

(8 P. [2d] 767)

Decided February 23, 1932.

Messrs. NORTHCUTT & NORTHCUTT, for plaintiff in error.

Messrs. KELLEY & KELLEY, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

DENVER Industrial Corporation, hereinafter referred to as plaintiff, sued the defendants August Kesselring and Katherine Kesselring upon their promissory note. The instrument was on the form known as a ''cognovit,'' or ''judgment note,'' containing a warrant of attorney to enter the makers' appearance and confess judgment. Pursuant thereto, plaintiff took judgment without service of process. Thereafter, the defendants appeared, filed an affidavit of a meritorious defense and had the judgment set aside. Leave was granted to defendants to plead, and they filed an answer and counterclaim. The cause was tried to a jury, which resulted in a money judgment in defendants' favor. Plaintiff brings the case to this court for review on writ of error.

The execution of the note was admitted, but defendants alleged fraud and declared that the controversy arose over certain shares of stock in the plaintiff corporation, sold by it to defendants; that plaintiff agreed to sell such shares at any time that the defendants should request them to do so; that defendants thereafter delivered the stock to plaintiff as security for a loan, and that the value of the stock exceeded the amount of defendants' note to plaintiff; that defendants requested plaintiff to sell such stock pursuant to agreement, but that plaintiff failed to comply with such request and fraudulently took judgment. These matters were set forth in defendants' affidavit of a meritorious defense and were more formally pleaded in their answer and cross-complaint. Plaintiff denies defendants' allegations of fraud and denies that it made any such agreement as alleged by defendants.

Numerous errors are assigned, but we shall consider only those argued in plaintiff's briefs, which we state in its own language, as follows:

''1. The motion to set aside the judgment entered on the confession note was erroneously sustained, the defendants failing to show in their motion or supporting affi-

davits any defense whatever to the cause of action set up in plaintiff's complaint.

"2. The trial court committed reversible error in admitting in evidence parol testimony, that varied the written contract of subscription.

"3. The trial court erred in denying the instructions requested by the plaintiff and in refusing to direct a verdict in favor of the plaintiff."

■■ 1. The only argument made against the reopening of the judgment is that the affidavit of merits did not state a good defense, but plaintiff's promise to sell defendants' stock for them on request, and defendants' agreement to deliver it, created a valid contract, enforceable against either of the parties. A promise for a promise is a valid consideration. *Gertner v. Limon Nat. Bank,* 82 Colo. 13, 39, 257 Pac. 247. The affidavit stated a meritorious defense, and so, it was the duty of the court to vacate the judgment and try the case on its merits, when a motion to that effect was made in apt time. *Parham v. Johnson,* 88 Colo. 127, 129, 292 Pac. 599; *Axelson v. Dailey Co-operative Co.,* 88 Colo. 555, 557, 558, 298 Pac. 957; *Gardner v. Rule,* 87 Colo. 544, 289 Pac. 606.

2. There was ample oral testimony to sustain the defense as set forth above, but counsel for plaintiff contend that such testimony was inadmissible as varying the terms of the promissory note and the subscription contract under which the corporate stock was sold. The subscription contract contains the following clause: "I understand that prospectus relating to said securities has been filed with the Secretary of State in accordance with the Securities Act, and that no salesman has any authority to make any promises or representations not contained in said prospectus, or any promise or agreements not contained in the stock certificate, or to alter or supplement the same, or to make any agreement to repurchase any of said stock, or to accept anything in payment thereof except check or draft * * *."

Plaintiff relies upon the above clause, but it does not

go to the question before us. This case does not involve an unauthorized oral promise of a salesman, attempting to vary the terms of a written instrument which contained the entire agreement, like that reported in *Knight-Campbell Music Co. v. Buck,* 43 Colo. 179, 95 Pac. 283. Defendants do not contend that they did not buy the stock, or that plaintiff agreed to rebuy it. Their contention is, and the evidence shows, that August Kesselring ran a small bakery with limited capital and was obliged to conserve his resources; that plaintiff was engaged in a stock selling campaign, and that as an inducement to defendants, plaintiff promised to resell the stock for them at any time they needed the money. Also that plaintiff's salesman or salesmen so informed defendants; and told the latter to verify this promise by going to the office of the company; that defendants did so, and were reassured to the same effect by an officer of the company whose authority is unquestioned. Defendants further showed that they bought their stock in blocks at different times in reliance upon these promises. Defendants' agreement to pay the note was binding upon them. They could not show by oral testimony that they were not to pay it at all. *Wheelock v. Hondius,* 74 Colo. 400, 222 Pac. 404. On the other hand, plaintiff's agreement to resell the stock was obligatory upon them, and likewise, it cannot claim that it need not keep its word. The amount due defendants under plaintiff's promise to them more than offset the amount due plaintiff, so that the judgment in defendants' favor for the difference was correct.

3. The instant case is controlled by *Creek v. Lebo Investment Co.,* 85 Colo. 357, 276 Pac. 329, where the parol evidence rule is discussed. Plaintiff's agreement to resell the corporate stock was a proper subject of contract; of course, such stock could not have been resold if it had not been sold to defendants or some other customer in the first instance. The arrangement for plaintiff to resell it did not destroy the subscription

agreement, or vary its terms, but rather afforded additional confirmation that the stock belonged to defendants. We must hold that plaintiff's agreement to resell the stock was a particular subject of the negotiations not embodied in the written instrument, and an independent agreement capable of enforcement. *Creek v. Lebo Investment Co., supra.* We feel that the distinctions carefully pointed out in that case should relieve us from the burden of further elaboration, but other instances where parol evidence was admitted to show matters not covered by the writing, will be found in *Elder v. Eastwood,* 73 Colo. 489, 493, 216 Pac. 542, and *Mulford v. Torrey Exploration Co.,* 45 Colo. 81, 88, 100 Pac. 596.

■ 4. Counsel for plaintiff complain that the court refused every instruction that they tendered. The assignments of error are not argued with reference to any particular instruction, but only in the large. It is contended that they should have been given because they support plaintiff's theories as here advanced. The assignments pertain especially to plaintiff's objection to the setting aside of the original judgment; also to the parol evidence rule as adopted by the court, but we are in accord with the trial court, for the reasons that we have given. A directed verdict for the plaintiff would have been reversible error. Other legal questions, particularly those raised by plaintiff in error as to general rules about collateral security *in the absence* of stipulations or agreements, are inapplicable to present facts and therefore require no comment.

Finding no error in the record, the judgment is affirmed.

Mr. Justice Campbell, Mr. Justice Hilliard and Mr. Justice Alter concur.